UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-Civ-81374-DIMITROULEAS/MCCABE

TERRY L. RICHMOND
and ALEXANDER SHULTZ,

    Plaintiffs,

v.

KILOLO KIJAKAZI,
Acting Commissioner of
Social Security Administration,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE comes before the Court on Defendant's Motion to Dismiss or, in the alternative, Motion for Summary Judgment ("Motion") (DE 8), which was referred to the undersigned by United States District Judge William P. Dimitrouleas (DE 5). Having considered the Motion and supporting documentation, the undersigned recommends that the Motion be **GRANTED** without prejudice with leave to file an Amended Complaint within ten (10) days of the date this Report and Recommendation becomes final.

**I.    BACKGROUND**

This is a dispute over access to public records pursuant to the Privacy Act, 5 U.S.C. § 552a, and the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The Court accepts the following facts as true, taken from Plaintiffs' Complaint filed on September 6, 2022 (DE 1).

Sometime in June 2019, Plaintiff Richmond filed an application for Social Security income benefits (DE 1 ¶ 5). Richmond alleged he was "totally and continuously homebound" for seven

(7) of the past seventeen (17) years, other than medical visits (DE 1 ¶ 6). The Social Security Administration ("SSA") did not grant Richmond's request, but instead requested the SSA Office of Inspector General ("OIG") to conduct an investigation of Richmond (DE 1 ¶ 18). The OIG thereafter obtained three videos allegedly depicting Richmond shopping at Publix (DE 1 ¶ 24). Richmond disputes that he is the person depicted in these videos (DE 1 ¶¶ 24, 28).

Richmond and his attorney, co-Plaintiff Schultz, then sent a series of FOIA and Privacy Act requests to SSA seeking the "Publix videos" and other records (DE 1 ¶¶ 28, 32). SSA did not comply with these requests, and Plaintiffs allege they have exhausted all required and available administrative remedies to force SSA to do so (DE 1 ¶¶ 33, 35). As a result, Plaintiffs filed this action seeking to force SSA to comply with FOIA and the Privacy Act.

This Motion followed (DE 8).

## II.   ANALYSIS

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court must accept a plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," a mere "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. DISCUSSION

Defendant raises two arguments for dismissal: (A) Plaintiffs named an improper party as Defendant, and (B) Plaintiffs failed to exhaust administrative remedies. The Court will address each argument in turn.

#### A. Improper Party Defendant

Plaintiffs named Kilolo Kijakazi, Acting Commissioner of Social Security Administration, as the Defendant in the caption of this action. Under both FOIA and the Privacy Act, the district court has jurisdiction over the "agency" that allegedly violated the respective acts. Individual agency employees are not proper party defendants in such actions. *See Doe v. Naval Air Station, Pensacola*, 768 F.2d 1229, 1231 n.1 (11th Cir. 1985) (dismissing individually named defendant in Privacy Act suit); *Drake v. Obama*, 664 F.3d 774, 785-86 (9th Cir. 2011) ("FOIA does not apply to any of the Defendants because they are all individuals, not agencies."); *Petrus v. Bowen*, 833 F.2d 581, 582 (5th Cir. 1987) ("Neither the Freedom of Information Act nor the Privacy Act creates a cause of action for a suit against an individual employee of a federal agency.").

The Court acknowledges that paragraph four (4) of the Complaint appears to identify the SSA itself as the Defendant, rather Acting Commissioner Kijakazi (DE 1 ¶ 4). Nevertheless, and in an abundance of caution, the Court recommends dismissal without prejudice so that Plaintiffs may file an Amended Complaint that names the SSA itself as the Defendant, in both the caption and body of the pleading.

#### B. Exhaustion

Defendant next urges dismissal based on Plaintiffs' alleged failure to exhaust their administrative remedies before filing this suit. However, the Complaint alleges that Plaintiffs exhausted all required and available administrative remedies (DE 1 ¶¶ 33, 35), and Court must

accept these allegations as true at this stage of the case. The Court therefore recommends that the Motion be denied on this basis.

Alternatively, Defendant requests the Court convert this Motion into a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d). Given that the Court has already ordered dismissal without prejudice, the Court declines to do so. If Defendant wishes to file a motion for summary judgment at a future date on these same grounds, it may do so.

## IV.    RECOMMENDATION & NOTICE TO OBJECT

For the foregoing reasons, the undersigned **RECOMMENDS** that Defendant's Motion (DE 8) be **GRANTED** without prejudice with leave to file an amended complaint within ten (10) days of the date this Report and Recommendation becomes final**.**

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge William P. Dimitrouleas. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE and ORDERED** in Chambers at West Palm Beach in the Southern District of Florida, this 9th day of December 2022.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE